IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03103-MEH

ERIC BRANDT,

    Plaintiff,

v.

JAMES CRONE, Elected Sheriff, Morgan County, Colorado,

    Defendant.

_____

# ORDER
_____

**Michael E. Hegarty, United States Magistrate Judge**.

    Plaintiff Eric Brandt ("Plaintiff") brings claims pursuant to 42 U.S.C. § 1983 for alleged First, Fourth, and Fourteenth Amendment violations in his First Amended Complaint ("FAC"). ECF 13. Defendant James Crone ("Defendant") has filed the present motion to dismiss ("Motion") pursuant to Fed. R. Civ. P. 12(b)(6), asserting the defense of qualified immunity. ECF 37. The Motion is fully briefed, and oral argument would not materially assist the Court in adjudicating it. As set forth below, the Court grants Defendant's Motion.

## BACKGROUND

    The following are material, factual allegations (as opposed to legal conclusions, bare assertions, or conclusory allegations) made by Plaintiff in his FAC, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    On July 26, 2018, Plaintiff went to the Morgan County Sheriff's Office to make a public records request. FAC at ¶ 5. In addition to his request, Plaintiff sought to identify a particular

deputy. *Id.* at ¶ 6. Plaintiff approached the counter in the office's lobby when his associate, Abade Irizarry ("Irizarry"), entered the building. *Id.* at ¶ 9. Irizarry was operating a device that live-streamed the events to his YouTube channel. *Id.* at ¶ 10. One of the office clerks provided Plaintiff with a records request form, a pen, and a clipboard. *Id.* at ¶ 11. When Plaintiff turned toward Irizarry, Plaintiff noticed a large picture display with photographs of the department's officers and employees. *Id.* at ¶ 13. Plaintiff began describing some of the individuals whose pictures were posted in the display to Irizarry (and to the viewers watching via YouTube). *Id.* at ¶¶ 13–14, 16.

During this discussion, Defendant exited his office and joined Plaintiff and Irizarry in the lobby. *Id.* at ¶ 15. Defendant did not care for the comments being made by Plaintiff and told Plaintiff and Irizarry that they could continue making their comments outside but that the clerks did not need to listen to the "inappropriate" comments. *Id.* at ¶¶ 16–17. Defendant explained that Plaintiff and Irizarry were disrupting the office. *Id.* at ¶ 19. When Irizarry tried to ask questions, Defendant continued to repeat, in an escalating volume, "Did you hear me!" *Id.* at ¶ 21. Defendant reiterated that if Plaintiff and Irizarry want "to make these comments, [they can] go outside and do it." *Id.* at ¶ 12. Irizarry asked for Defendant to name a specific comment that was being made, and Defendant replied that Plaintiff and Irizarry were discussing someone being sexually assaulted. *Id.* at ¶¶ 23–24. Plaintiff inquired if he was being ordered to leave the building to which Defendant said, "Yes you are! Leave now!" *Id.* at ¶¶ 26–27. Irizarry asked what would happen if they did not leave, and Defendant asserted that he would arrest them. *Id.* at ¶¶ 28–29. After hearing that, both Plaintiff and Irizarry immediately began exiting the building. *Id.* at ¶ 30. As they exited, Defendant followed. *Id.* at ¶ 34.[1]

---

[1] Plaintiff's FAC contains numerous other allegations for events that occurred once the parties were outside the building. As Plaintiff emphasizes in his response, this "matter addresses Defendant Crone's behavior INSIDE the Sherriff's Office." Resp. at 2. Therefore, the Court

## **LEGAL STANDARDS**

**I.      Fed. R. Civ. P. 12(b)(6)**

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 680. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

Plausibility refers "'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima

---

finds that the material factual allegations have been adequately discussed. Moreover, Plaintiff's limitation constrains the relevance of much of the parties' arguments, and the Court considers only those that pertain to these facts.

facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1192. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

## II.     Treatment of a Pro Se Plaintiff's Complaint

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)). The Tenth Circuit interpreted this rule to mean, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Diversey v.*

4

*Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

## ANALYSIS

As mentioned above, Plaintiff's FAC asserts claims against Defendant for violation of the First Amendment (violation of speech and retaliation), Fourth Amendment (unreasonable seizure), and the Fourteenth Amendment (procedural due process) pursuant to 42 U.S.C. § 1983. Defendant argues for dismissal of all claims, asserting qualified immunity. In support of their arguments, Defendant and Plaintiff have attached numerous exhibits to the Motion and response, respectively, including the recorded footage of the incident. ECF 45 (conventionally submitted material), 48. The Court will first address this extrinsic evidence before proceeding to the merits of the Motion. Finally, the Court notes that Plaintiff included a request to amend his FAC in his response, and the Court will address that request last. Resp. at 2.

### I.     Extrinsic Evidence

"Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco,* 627 F.3d 1178, 1186 (10th Cir.2010). There are limited exceptions to this general rule by which a court may consider materials beyond the four corners of the complaint. *Id.* These three exceptions are: "(1) documents that the complaint incorporates by reference; (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity; and (3) matters of which a court may take judicial notice." *Id.* (internal citations and quotations omitted). The parties have each attached exhibits for the Court's consideration. Some exhibits, like Defendant's court documents, the Court may consider without converting the Motion to a motion for summary judgment. *Tal v. Hogan*, 453 F.3d 1244,

1264 n.24 (10th Cir. 2006) (finding courts may "take judicial notice of . . . facts which are a matter of public record") (quotation omitted). However, based on Plaintiff's caution to the Court to consider only the facts that occurred inside the building coupled with a lack of clearly established law as described herein, the Court finds that consideration of the parties' exhibits is unnecessary. Accordingly, without ruling on whether it can, the Court does not consider any exhibit attached to the Motion's briefing.

## II.  Qualified Immunity

Qualified immunity protects from litigation a public official whose possible violation of a plaintiff's civil rights was not clearly a violation at the time of the official's actions. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). It is an entitlement not to stand trial or face the other burdens of litigation. *Ahmad v. Furlong,* 435 F.3d 1196, 1198 (10th Cir. 2006) (internal quotations and citations omitted). The privilege is an immunity from suit rather than a mere defense to liability. *Id.* The defense of qualified immunity requires that "(1) a reasonable jury could find facts supporting a violation of a constitutional right, which (2) was clearly established at the time of the defendant's conduct." *Estate of Smart by Smart v. City of Wichita*, 951 F.3d 1161, 1169 (10th Cir. 2020). The Supreme Court in *Pearson v. Callahan* emphasized that courts have the discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." 555 U.S. 223, 236 (2009); *see also Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1277 (10th Cir. 2009). Here, the Court will begin by analyzing whether Plaintiff has cited to clearly established law.

### A.  Clearly Established

The second element of qualified immunity requires Plaintiff to show that his rights of free speech, against excessive force, and for procedural due process under the circumstances alleged

6

are supported by clearly established law. *Quinn v. Young*, 780 F.3d 998, 1013 (10th Cir. 2015). The Tenth Circuit has unambiguously emphasized that it is a plaintiff's burden to cite to cases that satisfy the burden of demonstrating the asserted law is clearly established. *Thomas v. Durastanti*, 607 F.3d 655, 669 (10th Cir. 2010) ("The plaintiff bears the burden of citing to us what he thinks constitutes clearly established law."); *see also Gutierrez v. Cobos*, 841 F.3d 895, 903 (10th Cir. 2016) ("Plaintiffs failed to carry their burden of showing that [the defendants] violated clearly established federal law because their counsel did not make any legal argument in the district court to rebut qualified immunity."); *Rojas v. Anderson*, 727 F.3d 1000, 1004 (10th Cir. 2013) (finding that, although the plaintiff "might well have been able to satisfy us that Defendants' actions violated his clearly established rights," the plaintiff "through his counsel, [has simply] failed to carry the burden assigned to him by law."); *Smith v. McCord*, 707 F.3d 1161, 1162 (10th Cir. 2013) ("[The plaintiff], through his counsel, failed to carry the burden assigned him by law."). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Casey*, 509 F.3d at 1283–84 (quoting *Saucier v. Katz*, 533 U.S. 194, 207 (2001)). For the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must support the position. *Doe v. Woodard*, 912 F.3d 1278, 1289 (10th Cir. 2019), *cert. denied sub nom.*, *I.B. v. Woodard*, — U.S. —, 139 S. Ct. 2616 (2019); *Quinn*, 780 F.3d at 1005.

Though Plaintiff asserts claims for violations of his rights under three different constitutional amendments, Plaintiff ultimately frames the rights that were violated as "requesting records, asking questions, and lobbying complaints." Resp. at 6–7. This understanding comports with Plaintiff's allegations that he attempted to submit a records request, in the process of doing

7

so he made comments about Morgan County employees that Defendant did not like, Defendant threatened Plaintiff with arrest if he did not stop making the comments in the building, and Defendant escorted Plaintiff out of the building. Hence, the Court must consider whether the law was clearly established under the First, Fourth, and Fourteenth Amendments in that particular context.

Throughout his response, Plaintiff cites numerous cases in support of his argument that there was a violation of clearly established law. He first cites to P*erry Ed. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 44 (1983) for the proposition that "[t]he existence of a right of access to public property and the standard by which limitations upon such a right must be evaluated differ depending on the character of the property at issue." Further, Plaintiff contends that the lobby of the sheriff's office is the type of property in which, "[i]n addition to time, place, and manner regulations, the state may reserve the forum for its intended purposes, communicative or otherwise, as long as the regulation on speech is reasonable and not an effort to suppress expression *merely because public officials oppose the speaker's view*." *Id.* at 45. While this may be a true statement of law, it does very little in terms of demonstrating clearly established law since it defines the law "at a high level of generality." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). The issue in *Perry* was the denial of use of an interschool mail system room for one group of teachers but not another. *Perry Ed. Ass'n*, 460 U.S. at 38–39. As a case, it cannot help clearly establish that the removal of individuals from a sheriff's office lobby for disruptive comments violates the First, Fourth, or Fourteenth Amendments.

The same is true for Plaintiff's other cited cases. In the Fourth Amendment seizure context, Plaintiff cites *California v. Hodari D.*, 499 U.S. 621, 622–24 (1991) (for the proposition that "'unreasonable . . . seizures' include[ ] seizure of the person") and *Florida v. Bostick*, 501 U.S.

8

429, 439–40 (1991) (for the notion that "a court must consider all the circumstances surrounding the encounter to determine whether the police conduct would have communicated to a reasonable person that the person was not free to decline the officers' requests."). Like *Perry*, these cases are inapposite for demonstrating clearly established law in this case. *Hodari D.* is a case concerning the apprehension of a suspect who ran at the sight of officers, 499 U.S. at 623–24, and *Bostick* deals with officers boarding a bus and searching a suitcase, 501 U.S. at 431. They do not clearly establish that Plaintiff was unreasonably seized in violation of the Fourth Amendment for failure to leave a sheriff's office after making disruptive comments.[2]

In the First Amendment context, Plaintiff cites *Tinker v. Des Moines Ind. Cmty. Sch. Dist.*, 393 U.S. 503, 509 (1969) (for the idea that official action to prohibit some expression of opinion must be driven by "more than a mere desire to avoid the discomfort and unpleasantness that always accompany an unpopular viewpoint"), and *Houston v. Hill*, 482 U.S. 451, 462–63 (for the comment that "[t]he freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state"). Again, these cases do not demonstrate clearly established law for the facts of Plaintiff's case. The Supreme Court confronted a case in which a school punished students for wearing black arm bands in *Tinker*, 393 U.S. at 504, and faced the situation of a city ordinance that made it unlawful to interrupt an officer in *Houston*, 482 U.S. 455. These cases do not concern the removal of an individual from a public building under threat of arrest for having made

---

[2] In fact, the Court's own research indicates that this "right" may not be clearly established not only in this Circuit but in others as well. *See Day v. Office of Cook Cnty., Sheriff*, No. 2000 C 2529, 2001 WL 664459, at *1 (N.D. Ill. June 12, 2001) ("[T]he Court stands by its finding that it was not—and still is not—clearly established that a person told by a police officer to leave a public building has been 'seized' for purposes of the Fourth Amendment's requirement that seizures be reasonable.").

9

disruptive comments. They simply provide statements of law that are at too high a level of generality to demonstrate clearly established law. *al-Kidd*, 563 U.S. at 742.

Finally, Plaintiff cites, and relies most heavily on, *Brown v. Louisiana*, 383 U.S. 131 (1966). Plaintiff argues that this case stands for the clearly established law that it is a violation to remove people from a public space that they otherwise have a right to occupy. Resp. at 16. Specifically, Plaintiff quotes a passage from Justice Brennan's concurrence. *Id.* Therein lies one issue; that is, there is no majority opinion in *Brown* since Justices Brennan and White concurred in the judgment only. The Court would be hard pressed to find that a single concurrence or even a plurality opinion demonstrates clearly established law.

Moreover, even if either did, the clearly established law would not apply to this case. In *Brown*, five Black males sat down in a public library after one of them was told that his requested book would have to be picked-up from the bookmobile (the only place where Black individuals could pick up books). 383 U.S. at 136. While they sat in the library, "there was no noise or boisterous talking." *Id.* A librarian asked the men to leave, but they remained seated. *Id.* at 137. The sheriffs arrived and arrested the men. *Id.* In this case, Plaintiff engaged in commentary and actions with Irizarry that Defendant found disruptive. Defendant told them to make their comments outside of the building. *Brown* does not stand for the proposition that one has a right to remain in a public building after making potentially disruptive comments. At the very most, like Plaintiff's other citations, *Brown* stands for a general statement of law that cannot demonstrate clearly established law. *See City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019).

In discussing Plaintiff's citations, the Court is cognizant that there need not be a "materially factually similar or identical [case] to the present" one. *Estate of Reat v. Rodriguez*, 824 F.3d 960, 965 (10th Cir. 2016). Yet, "existing precedent must have placed the statutory or constitutional

10

question beyond debate." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (quotation omitted). "The dispositive question is whether the violative nature of *particular* conduct is clearly established, so that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Estate of Reat*, 824 F.3d at 965 (internal quotation marks and citations omitted). That is particularly true in the Fourth Amendment context when "[s]pecificity is especially important." *Kisela*, 138 S. Ct. at 1152. Here, Plaintiff's cited cases do not put the constitutional questions concerning Defendant's particular conduct beyond question. Therefore, the Court finds that Plaintiff has not met his burden of demonstrating clearly established law.

The Court is mindful that the Tenth Circuit's admonition that a plaintiff bears the burden of citing to the Court clearly established law, *see Thomas v. Durastanti*, 607 F.3d 655, 669 (10th Cir. 2010), typically involves plaintiffs who are represented by counsel. *See, e.g.*, *Gutierrez v. Cobos*, 841 F.3d 895, 903 (10th Cir. 2016); *Rojas v. Anderson*, 727 F.3d 1000, 1005-06 (10th Cir. 2013); *Smith v. McCord*, 707 F.3d 1161, 1162 (10th Cir. 2013). However, the Tenth Circuit has reversed a trial court's dismissal of a pro se plaintiff's excessive force claim—where the trial court found the plaintiff had failed to identify a case demonstrating his right was clearly established—by itself pointing to a Supreme Court case sufficiently similar to the facts alleged and finding the plaintiff's right was clearly established. *See Ali v. Duboise*, 763 F. App'x 645, 651–52 (10th Cir. 2019). Therefore, the Court has conducted an additional inquiry to determine whether the relevant law was clearly established as of the dates of these events, finding no authority concluding that an officer who asks individuals who are attempting to make a records request to leave a public building so as to allow them to make their otherwise disruptive comments outside and does not altogether prevent those individuals from otherwise making the comments or requesting records

violates the First, Fourth, or Fourteenth Amendments. Absent this clearly established law, Defendant is entitled to qualified immunity.

## III.   Leave to Amend

In Plaintiff's response, he includes a request to amend his FAC to include claims for malicious prosecution. The Court denies this request for two reasons. First, although Plaintiff is proceeding pro se, he is no stranger to litigation in this District; in fact, he has filed at least thirteen cases since 2014. As such, Plaintiff should know that the Local Rules dictate that "[a] motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document." D.C.Colo.LCivR 7.1(d). Plaintiff's request to amend is properly raised in a motion and should not be raised in a response brief. That alone is grounds to deny the request.

Second, Plaintiff's desired amendment to add claims for malicious prosecution would unduly prejudice Defendant. Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* Plaintiff attempts to alter the subject matter of this case with his new allegations. Plaintiff plainly stated that this case involves the conduct of Defendant inside the sheriff's office. Resp. at 2. He accused Defendant's counsel of improperly attempting to "conflate the criminal prosecution founded on activities postcedent to this instant matter" with Defendant's conduct inside. *Id.* In adding claims for malicious prosecution, which would require the Court to look at conduct both outside the office and in Plaintiff's subsequent prosecutions, Plaintiff would be altering the subject matter of this case to the undue prejudice of Defendant. In essence, Plaintiff would be making his

12

FAC an impermissible "moving target." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) ("Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target,' to 'salvage a lost case by untimely suggestion of new theories of recovery,' [or] to present 'theories seriatim' in an effort to avoid dismissal."). For this additional reason, Plaintiff's request to amend to add new claims is denied. This alone, of course, does not prevent Plaintiff from raising such claims in a new case.

Finally, the Court turns to the issue of whether dismissal of the current claims should be with or without prejudice. Usually, in a case involving a pro se litigant, the Tenth Circuit has held that if "it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). "Particularly where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements, dismissal of the complaint without prejudice is preferable." *Id.* However, "[c]omplaints drafted by pro se litigants . . . are not insulated from the rule that dismissal with prejudice is proper for failure to state a claim when 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend.'" *Fleming*, 573 F. App'x at 769 (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)). Here, the dismissal of Plaintiff's claims does not stem from any pleading deficiency or any oversight in Plaintiff's allegations. Rather, the Court finds, as a matter of law, that Defendant is entitled to qualified immunity for lack of clearly established law. No amendment by Plaintiff would remedy that. Accordingly, Plaintiff's claims are dismissed with prejudice.

The Court notes that it has seen (and presided over) some of Plaintiff's other cases. In fact, the Court even worked personally with Plaintiff to settle one case. The Court has recognized the

merits of some of Plaintiff's other claims. Despite the Court's diligent efforts to find clearly established law here, the Court could not find relevant precedent to demonstrate that Plaintiff's claims could defeat qualified immunity. As such, the Court sees no other possible result as a matter of law.

## CONCLUSION

For the reasons stated herein, Defendant's Motion [filed November 2, 2020; ECF 37] is **granted**. Plaintiff's claims are dismissed with prejudice, and the Court directs the Clerk of the Court to close this case.

Entered this 22nd day of February, 2021, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge